**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

S. IRVINE BARTON and MARION
BARTON,

      **Plaintiffs,**

-vs-             Case No. 6:06-cv-663-Orl-22JGG

BRAY & GILLESPIE III MANAGEMENT
LLC; OCEAN RESORTS; OCEAN
WATERS, LLC; and BRAY & GILLESPIE,
INC.,

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR SPECIAL ADMISSION AND CONSENT TO ACT (Doc. No. 26)** |
| **FILED:** | **August 17, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

| | |
|---|---|
| **MOTION:** | **MOTION FOR TROY B. FRODERMAN, ANTHONY W. MERRILL, AND ROBERT S. REDER TO APPEAR PRO HAC VICE (Doc. No. 27)** |
| **FILED:** | **August 17, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Counsel seeking to appear *pro hac vice* for Defendants Bray & Gillespie III Management, LLC, Ocean Waters LLC, and Bray and Gillespie, Inc. (collectively "Defendants") have filed three separate documents in support of their application. Non-resident counsel are advised that in this District, a motion to appear *pro hac vice* and a motion for special admission is the same thing, so the second motion is redundant. The motion for special admission [Docket No. 26] therefore, is **DENIED** as moot. Further, pursuant to Local Rule 2.03(a), every pleading or paper of any kind filed by counsel constitutes a general appearance, unless expressly stated otherwise. Therefore, a separate notice of appearance is unnecessary (but not improper) when filing a *pro hac vice* motion.

The Court also notes that the Certificate of Service attached to the *pro hac vice* motion is not signed or dated. Docket 27 at 3. Similarly, the Certificates of Service attached to the Motion for Special Admission and Notice of Appearance are undated. Docket 26 at 3; Docket 28 at 3. Ordinarily, the Court would strike a filing with a defective certificate of service. In this case, however, the Court's CM/ECF system reflects that the documents were served electronically on other counsel. Counsel are directed to review the Administrative Procedures for Electronic Filing in Civil and Criminal Cases available on the Court's website at http://www.flmd.uscourts.gov/. In particular, the Court directs counsel to review pp. 5-6 regarding certificates of service and the sample formats for certificates of service by electronic filing.

The Court interprets the Notice of Appearance and Substitution of Counsel at Docket 28 as merely notice that the Bryan Cave attorneys intend to act as lead counsel, and that Donovan A. Roper is not seeking to withdraw. The Clerk is directed to edit the docket to reflect the change in lead counsel.

Defendant's motion to appear *pro hac vice* [Docket No. 27] is **GRANTED**, provided that local counsel Donovan A. Roper fully assumes all responsibilities set forth in Local Rule 2.02(a)(1), including responsibility for trial in default of the non-resident attorneys. If attorney Roper is unwilling to assume all required responsibilities, a written designation and consent to act by another local attorney must be filed within ten days of the date of this order. Counsel shall immediately begin using the CM/ECF docket system and begin filing electronically. Counsel can register for a CM/ECF login password through the website at www.flmd.uscourts.gov under "CM/ECF." If counsel outside the Middle District of Florida are unable to take the training class offered by the Clerk's Office, counsel must take the tutorial offered on the website before using the system.

**DONE** and **ORDERED** in Orlando, Florida on August 18, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties