**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

S. IRVINE BARTON and MARION
BARTON,

          **Plaintiffs,**

-vs-                                Case No. 6:06-cv-663-Orl-22JGG

BRAY & GILLESPIE III MANAGEMENT
LLC; OCEAN RESORTS; OCEAN
WATERS, LLC; and BRAY & GILLESPIE,
INC.,

          **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **MOTION FOR SANCTIONS REGARDING PLAINTIFFS' FAILURE TO RESPOND TO REQUESTS FOR ADMISSION (Doc. No. 49)**
>
> **FILED:** March 29, 2007
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On January 19, 2007, Defendants Bray & Gillespie, Inc., Bray & Gillespie III Management, LLC, and Ocean Waters, LLC served Requests for Admission by mail on Plaintiff S. Irvine Barton ["Barton"]. On February 1, 2007, Defendants took the deposition of Barton.

As of March 29, 2007, since Barton had not yet responded to the Requests for Admission, Defendants filed a "Motion for Sanctions Regarding Plaintiffs' [sic] Failure to Respond to Requests for Admission" [Docket No. 49] now before the Court. Defendants ask the Court to deem its requests

admitted due to both "Plaintiffs'" failure to respond pursuant to Federal Rule of Civil Procedure 36(a). Defendants attached to their motion Requests for Admission for Plaintiff S. Irvine Barton only, not Plaintiff Marion Barton. *See* Docket No. 49-2 at 1. Defendants further seek attorney's fees and costs "incurred in bring this motion." Docket No. 49 at 3.

In response to the motion, Barton filed late responses to Defendants' requests for admission, as well as a memorandum in opposition in which Barton admits that the responses were late, but asks the Court to permit the late responses. Docket No. 50. Barton claims that during his deposition, he answered questions that were similar to six of Defendants' requests for admission. *Id.* at 1-2. Barton argues that allowing him to provide late responses is not prejudicial to Defendants because Defendants were "aware of the correct answer [sic] to Requests for Admissions No. [sic] 2, 3, 4, 6, 10, and 13 as early as February 1, 2007." *Id.* at 2.

Both parties are wrong about the law. Failure to timely respond to requests for admission results in *automatic* admission of the matters requested. Fed. R. Civ. P. 36(a). The court, on motion, may permit the withdrawal or amendment of the admission if "[1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b); *see also, Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002) (establishing a two-part test based on Rule 36(b) that must be applied in deciding motions to withdraw admissions).

The United States Court of Appeals for the Eleventh Circuit has held that a district court abuses its discretion in ruling on a motion to withdraw admissions if it applies some other criterion

beyond Rule 36(b)'s two-part test or if it grossly misapplies the test. *Perez*, 297 F.3d at 1265. The proper focus is on the effect allowing the admission would have on the litigation and the prejudice that the opposing party would suffer, and not the moving party's excuse for its erroneous admission. *Id*.

Defendants' motion was unnecessary. Barton automatically admitted the requests by failing to timely respond. *See* Fed. R. Civ. P. 36(a). Defendants' "Motion for Sanctions" [Docket No. 49] is therefore **DENIED** as moot. Defendants' motion for attorney's fees and costs is **DENIED**.

The Court also interprets Barton's request to permit the late responses as a request to withdraw his automatic admissions. It is inappropriate to bury a request for relief in a memorandum in opposition. Barton's request is **DENIED** without prejudice for failure to comply with Local Rule 3.01(a)-(g).

Finally, it does not appear that counsel for either party made a good faith attempt to agree on the issues raised in this motion. *See* Docket No. 49 at 4. The Court expects counsel to make a significant effort to *talk* to each other and confer about discovery disputes to avoid unnecessary Court intervention.

**DONE** and **ORDERED** in Orlando, Florida on April 17, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties